IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARRIE WESTFALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:05cv25-A |
| | ) | (WO) |
| | ) | |
| CLYDE & MO'S BAR-B-Q, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc #8) filed by the Plaintiff, Carrie Westfall on August 30, 2005, and a Motion to Strike (Doc #11) filed by Defendant, Clyde & Mo's BBQ, L.L.C., on September 20, 2005. Plaintiff filed this action on January 14, 2005. In her complaint, Plaintiff alleges that Defendant unlawfully discriminated against her in violation of the Pregnancy Discrimination Act, Title VII of the Civil Rights Act of 1964, amended as 42 U.S.C. § 2000e(k). Specifically, Plaintiff contends that her employment as a bartender for Defendant was terminated because of her pregnancy.[1]

Defendant has filed a motion to strike the affidavit of Equal Employment Opportunity Commission (EEOC) investigator Eugene Henderson. Defendant contends that the affidavit is hearsay and not properly authenticated.

For the reasons to be discussed, the Motion for Summary Judgment is due to be DENIED and the Motion to Strike is due to be DENIED.

---

[1]Plaintiff does not argue that she was harassed or constructively discharged.

## II.  JURISDICTION AND VENUE

Based upon 28 §§ 1331 and 1343, this Court properly exercises subject matter jurisdiction over this action.  The parties do not contest personal jurisdiction or venue.  Furthermore, the Court finds that the Plaintiff has fulfilled the two jurisdictional prerequisites for instituting a Title VII lawsuit.  Plaintiff has timely filed a charge with the EEOC, wherein she asserted a claim of sexual discrimination.  A "right to sue" letter was issued to Plaintiff on December 16, 2004, and subsequently this action was seasonably filed.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973).

## III.  FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

Clyde & Mo's (Defendant) is a limited liability corporation (L.L.C.) formed in October 2000 and operated as a restaurant and bar in Montgomery, Alabama.  When the corporation was formed it consisted of two members, Clyde Jinright and John Mosley.  Mosley and Jinright held equal shares of the business.  Plaintiff was hired by Mosley to be a bartender in April, 2004, and worked there until June 15, 2004.  When Plaintiff's employment with Defendant ended she was approximately five months pregnant.

Once Plaintiff's employment with Defendant ended, she filed a complaint with the EEOC and eventually filed suit against Defendant complaining of sexual discrimination.

## IV.  DEFENDANT'S MOTION TO STRIKE

The Court will first address Defendant's motion to strike the affidavit of Eugene Henderson.  The Defendant argues that the affidavit has not been properly authenticated because

"Mr. Henderson has not given any deposition testimony to authenticate said affidavit." Def.'s Motion to Strike ¶ 4.  He also argues that the affidavit is hearsay because it contains statements allegedly made by Clyde Jinright, which Jinright denies.  Id. ¶ 2.  Both of Defendant's arguments fail.

Given that Henderson's affidavit was submitted in support of a motion for summary judgment, it must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure.  Rule 56(e) makes it plain that affidavits submitted in support of or opposition to a motion for summary judgment, shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).  Affidavits which set forth conclusory arguments, rather than statements of fact based on personal knowledge are improper.  See Tomas v. Ala. Council on Human Relations, Inc., 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003).

The Court is satisfied that the Henderson affidavit meets the requirements of Rule 56(e) and should not be stricken.  The statements in the affidavit are based on Henderson's personal knowledge gained by interviewing Jinright, concerns subjects about which Henderson is competent to testify, and facts which are admissible.  Defendant's contention that Henderson must be deposed to authenticate the affidavit is not found in Rule 56(e), nor is the Court aware of such a requirement.

Defendant's contention that the statements in the affidavit are hearsay is also incorrect. Henderson's affidavit contains Jinright's own statements and are therefore not hearsay.  Fed. R. Evid. 801(d)(2). Under Federal Rule of Evidence 801(d)(2), admissions by party opponents are not hearsay.  A statement is an admission under the Federal Rules of Evidence if it is offered

against a party and is the party's own statement in either an individual or a representative capacity or a statement by a person authorized by the party to make a statement concerning the subject. Id.

For the reasons above, Defendant's motion to strike the affidavit of Eugene Henderson is DENIED. For purposes of evaluating the merits of Plaintiff's pending motion for summary judgment, discussed below, the Court will consider Henderson's affidavit in the light most favorable to Defendant.

## V. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to

go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324.  To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor.  See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

The summary judgment rule is to be applied in employment discrimination cases as in any other case.  Chapman v. AI Transport, 229 F.3d 1012, 1026 (11th Cir. 2000) (en banc).

## VI. DISCUSSION

In 1978, Congress amended Title VII of the Civil Rights Act of 1964 to include the Pregnancy Discrimination Act (PDA), which provides protection for women against discrimination based on pregnancy or pregnancy related conditions.  42 U.S.C. 2000e(k) (1981). Title VII provides, in relevant part, "[i]t shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. 2000e-2(a)(1). Congress has expanded the Act's definitional section to encompass pregnancy-based discrimination under the definition of sex discrimination:

5

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes...

Id. at 2000e(k). The analysis required to prove a pregnancy discrimination claim mirrors that of Title VII sex discrimination claims. Maddox v. Grandview Care Center, Inc., 780 F.2d 987, 989 (11th Cir. 1986).

Generally, plaintiffs can establish employment discrimination under Title VII using the direct evidence framework set forth in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), or the circumstantial evidence framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under either the direct evidence or circumstantial evidence models, the plaintiff bears the burden of showing that the employer purposely took adverse action against her because of her pregnancy. Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1230 n.34 (11th Cir. 2001); Armstrong v. Flowers Hospital, 33 F.3d 1308, 1314 (11th Cir. 1994).

In this case, Plaintiff argues that she has direct evidence that an adverse employment action, namely termination, was taken against her because she was pregnant. Defendant counters that Plaintiff was not terminated, but instead, quit voluntarily.

Plaintiff states in her deposition that Jinright told her they needed to "part ways" because of her "condition." Carrie Westfall Dep. at 6-7. There were no third party witnesses to the event, but Plaintiff does produce evidence to support her claim that she was terminated. She offers an affidavit from Eugene Henderson, who was the EEOC investigator assigned to the case. Henderson states that, during an interview, Jinright told him "that on June 15, 2004, he informed [Plaintiff] that he was discharging her because she was pregnant and that he was concerned about her ability to perform the duties of her position which included some lifting." Eugene

Henderson Aff. ¶ 3.  Additionally, Plaintiff offers a certified record of a statement Jinright gave to an investigator from the Alabama Department of Industrial Relations.  Pl.'s Ex. 3.  Plaintiff had contacted the Department to apply for unemployment compensation.  In the record, the investigator, Sonja Boss, states that Jinright said that he "had no choice but to let [Plaintiff] go."  <u>Id.</u>

Defendant denies that Jinright terminated Plaintiff.  Under his version of the events, Jinright says that Plaintiff quit.  In his deposition when asked if he fired her, Jinright replied, "In my opinion she quit.  I didn't terminate her.  I went out there to talk to her about what we were going to do, what her plans were, what her time schedule was...and in that conversation she said, well, I can go anytime."  Clyde Jinright Dep. at 26.  Jinright claims that he took that to mean Plaintiff was quiting and he did nothing to prevent her from leaving.  <u>Id.</u> at 33-4.  Jinright also denies that he told Eugene Henderson that he had terminated Plaintiff and does not know why Henderson would include that statement in his affidavit.  <u>Id.</u> at 42-3.  Finally, he denies telling Sonja Boss, the investigator from the Alabama Department of Industrial Relations that he terminated Plaintiff.  When asked why he did not challenge Boss' finding that Plaintiff had been discharged even though he believed it to be an error, he said that he did not want to interfere with Plaintiff's ability to collect unemployment benefits.  <u>Id.</u> at 39.

Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).  A factual dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428, 1437 (11th Cir. 1991).  In this case, the Court finds that there is a genuine issue of material fact.  The determination of whether Plaintiff was fired or not comes

down to a credibility determination.  It is possible that a rationale fact finder could believe Jinright's version of the facts and conclude that Plaintiff did indeed voluntarily quit.  It is not this Court's place to make an evaluation of that credibility, rather it is up to a jury.  Miller v. King, 384 F.3d 1248, 1259 (11th Cir. 2004) ("Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment.") (quoting McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003).

## VII. CONCLUSION

For the reasons discussed above, the Defendant's Motion to Strike is due to be DENIED and is hereby so ORDERED.  Plaintiff's Motion for Summary Judgment is also due to be DENIED and is hereby so ORDERED.  This case will proceed to trial on the Plaintiff's PDA claim.

Done this 7th day of December, 2005.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE